IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DEBRA MANSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PARAGON WAY, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DEBRA MANSON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, PARAGON WAY, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   DEBRA MANSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Urbandale, County of Polk, State of Iowa.

5.   The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to GE Money Bank/CareCredit (hereinafter "GE").

6. The debt that Plaintiff allegedly owed GE was for a credit card, on which charges were incurred primarily for Plaintiff's medical and/or dental expenses.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. PARAGON WAY, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Iowa. Defendant is incorporated in the State of Texas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about December 28, 2009, Enhanced Recovery Corporation sent a correspondence to Plaintiff.

15. The aforesaid correspondence stated "[t]his letter is to inform you that the above account has not been paid and has been placed with our company for collection procedures by our client Paragon Way, Inc."

16. The account referenced in the aforesaid correspondence was the debt Plaintiff allegedly owed to GE.

17. Despite Defendant having retained the services of Enhanced Recovery Corporation to collect on the debt Plaintiff allegedly owed, Defendant further retained the services of an additional entity to collect on the same debt.

18. On or about December 29, 2009, Allied Interstate (hereinafter "Allied") sent a correspondence to Plaintiff.

19. The aforesaid correspondence stated "[o]ur client, PARAGON WAY INC has given us authority to settle your Account for less than the total Amount Due." (*Emphasis included*).

20. The account referenced in the aforesaid correspondence from Allied was the same debt Plaintiff allegedly owed to GE.

21. Defendant sent the debt Plaintiff allegedly owed to two (2) companies for collection.

22. Sending the debt Plaintiff allegedly owed to two (2) companies for collection had the effect of conveying to an unsophisticated consumer that Plaintiff was required to pay two (2) different companies relative to the debt Plaintiff allegedly owed to GE.

23. By sending the debt Plaintiff allegedly owed to two (2) companies for collection, Defendant engaged in conduct that was false, deceptive and/or misleading given that Plaintiff was only required to pay one (1) company to satisfy the debt she allegedly owed.

24. In its attempts to collect the debt allegedly owed by Plaintiff to GE, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

26. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBRA MANSON, by and through her attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DEBRA MANSON**

By: ___s/ David J. Steen___
Attorney for Plaintiff

Dated: December 1, 2010

David J. Steen
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40${}^{th}$ Floor
Chicago, IL 60601
Telephone: (515) 724-3384
Facsimile: (888) 418-1277
E-Mail: dsteen@smithlaw.us